PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH TREM, | ) | |
| | ) | CASE NO. 1:17CV0012 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| WARDEN DAVE MARQUIS, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Petitioner Joseph Trem, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), challenging the constitutional sufficiency of his sentence pursuant to a guilty plea and his later classification as a sexual offender in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-94-312378-A. Petitioner is currently incarcerated in the Richland Correctional Institution. In 1995, he pled guilty to five counts of rape and three counts of gross sexual imposition. Petitioner was sentenced to twenty-to-fifty years in prison. In 2014, he was also classified as a sexually oriented offender under the former Megan's Law. In his Petition (ECF No. 1), Petitioner asserts two grounds for relief: (1) he was denied due process and equal protection under the Sixth and Fourteenth Amendments when he was informed that, by entering a guilty plea, the maximum amount of time he could serve was fifteen years; and (2) he was denied the effective assistance of appellate counsel when his attorney failed to raise a separation of powers argument on the state's

(1:17CV0012)

appeal of his Megan's Law sexual offender classification. For the reasons set forth below, the Petition is denied and this action is dismissed.

## I. Background

On appeal, Ohio's Eighth District Court of Appeals established the factual background of Petitioner's trial and convictions as follows:

> {¶ 2} In July 1994, [Petitioner] was charged under a 39–count indictment with multiple counts of rape, gross sexual imposition, and endangering children. A majority of the counts related to sexual conduct against his own daughter from the time she was nine years old through her mid teens. Two of the gross sexual imposition charges related to [Petitioner] having his daughter engage in sexual activity with other individuals, who were her friends. Several counts also involved [Petitioner]'s sexual conduct against one of those friends. [Petitioner] initially entered a plea of not guilty to the indictment.
>
> {¶ 3} In March 1995, [Petitioner] retracted his former plea of not guilty and entered a plea of guilty to rape of his daughter when under the age of 13, as amended under Counts 1 and 6 to delete the use of force; rape of his daughter as charged in Counts 11, 13, and 14; and gross sexual imposition as charged in Counts 30, 31, and 32. The remaining counts were nolled.
>
> {¶ 4} The trial court sentenced [Petitioner] to a prison term of 10 to 25 years on Counts 1 and 6, to run consecutively to each other and concurrent to the remaining counts for which the court imposed a term of 10 to 25 years on Counts 11, 13, and 14, and two years each on Counts 30, 31, and 32, all running concurrently to each other. The aggregate prison term imposed was 20 to 50 years. [Petitioner] did not file a direct appeal.
>
> {¶ 5} In February 2014, nearly 19 years later, [Petitioner] filed a motion to withdraw guilty plea pursuant to Crim. R. 32.1. [Petitioner] argued his primary reason for agreeing to enter a plea of guilty was his understanding that he would serve no more than 15 years of

(1:17CV0012)

> incarceration. [Petitioner] attached a copy of the sentencing transcript to his motion. The trial court denied the motion without a hearing.

State v. Trem, No. 101265, 2014 WL 5762924, at *1 (Ohio Ct. App. 8 Dist. Nov. 6, 2014). In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct. 28 U.S.C. § 2254(e)(1).

Petitioner filed an appeal of the trial court's decision to the Ohio Eighth District Court of Appeals. His sole assignment of error was that the trial court erred by failing to address the issues raised by his Motion and by failing to hold a hearing. State v. Trem, No. 101265, 2014 WL 5762924, at *1, ¶ 6 (Ohio Ct. App. 8 Dist. Nov. 6, 2014). The state appellate court considered the claim on its merits and determined that there was nothing in the transcript of his plea hearing that would reflect that a fifteen year maximum sentence was a condition of the plea bargain. Id. at ¶¶ 7-11. In addition, the court recognized that Petitioner filed his Motion approximately four years after the expiration of fifteen years. Id. at ¶ 12. Moreover, the Court found that "[w]hile Ohio Crim. R. 32.1 does not prescribe a time limitation for filing a postsentence motion to withdraw a plea, an undue delay in filing the [M]otion adversely affect[ed] Petitioner's] credibility" in pursuing the claim. Id. Based on these considerations, the state appellate court determined that the trial court was not required to hold a hearing on Petitioner's Motion to Withdraw his Guilty Plea, and affirmed the judgment of the trial court on November 6, 2014. Id. at ¶ 13. Petitioner appealed that decision to the Supreme Court of Ohio. The Supreme Court declined to accept jurisdiction. See State v. Trem, 29 N.E.3d 1005 (Table) (Apr. 29, 2015).

(1:17CV0012)

After the state appellate court upheld the trial court's refusal to grant Petitioner's Motion to Withdraw his Guilty Plea, the trial court classified Petitioner as a sexually oriented offender under the former Megan's Law. *State v. Trem*, 58 N.E.3d 555, 557 at ¶1 (Ohio Ct. App. 8 Dist. 2016). The State appealed that determination, asserting as its sole assignment of error that the trial court abused its discretion by refusing to classify Petitioner as a sexual predator. *Id.* There is no indication Petitioner filed a cross appeal. The state appellate court upheld the trial court judgment. *Id.* at ¶ 19.

Petitioner, however, filed an Ohio App. R. 26(B) Application to Reopen the Appeal (the "Application") in which the state appellate court affirmed the trial court's classification of Petitioner as a sexually oriented offender under the former Megan's Law. *State v. Trem*, No. 102894, 2016 WL 3763057, at *1, ¶ 1 (Ohio Ct. App. 8 Dist. July 13, 2016). The state appellate court denied the Application stating it was untimely filed. *Id.* at ¶¶ 3-5, 8. The court further held that Ohio App. R. 26(B) applied only to the direct appeal of a criminal conviction and sentence, and could not be utilized to reopen an appeal that dealt with classification as a sexually oriented offender under the former Megan's Law. *Id.* at ¶¶ 6-7. Petitioner appealed that decision to the Supreme Court of Ohio. The Court declined to accept jurisdiction. *State v. Trem*, 60 N.E.3d 7 (Table) (Oct. 5, 2016).

Petitioner then filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. He asserts two grounds for relief:

> 1. DEFENDANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN THE [SIC] HE WAS INFORM [SIC]

4

(1:17CV0012)

>> THAT BY ENTERING A PLEA OF GUILTY THE MAXIMUM TIME HE COULD SERVE FOR THE CHARGED OFFENSES WAS FIFTEEN YEARS.
>
> 2. TREM WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHEN COUNSEL FAILED TO RAISE OBVIOUS AND SIGNIFICANT ERROR APPARENT ON THE FACE OF THE TRIAL COURT RECORD, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.

ECF No. 1 at PageID #: 4-5. *See also* ECF Nos. 1-1 and 1-2. In support of his first ground for relief, Petitioner states that if he had known he could be made to serve his entire sentence, he would not have accepted the plea deal. ECF No. 1-1 at PageID #: 12. He claims that he was repeatedly told by the judge that he would serve no more than fifteen years in prison and that he relied on that statement when he agreed to plead guilty. *Id.* at PageID #: 13. In support of his second ground for relief, Petitioner claims that a sex offender classification hearing reopens the final judgment of conviction, restarting the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1). ECF No. 1-2 at PageID #: 16. He also claims that his appellate counsel was ineffective for failing to file a cross appeal of the classification decision and failing to raise a separation of powers argument on cross appeal. *Id.* Petitioner further asserts that this claim is not procedurally defaulted because the state appellate court incorrectly interpreted Ohio App. R. 26(B) as applying only to the direct appeal of his conviction, and his Application would have been timely if he had not put the wrong case number on it. *Id.* at PageID #: 17.

## II. Standard for Dismissal

5

(1:17CV0012)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal habeas petitions filed after the Act's effective date. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford v. Garceau*, 538 U.S. 202, 206 (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013).

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

It is now a well-established rule of law that the AEDPA established the standards that federal courts must apply when considering petitions for a writ of habeas corpus. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) ("Federal habeas review of the state court's decision is governed by the standards established by the AEDPA."). In *Williams v. Taylor*, 529 U.S. 362

6

(1:17CV0012)

(2000), the Supreme Court dictated the standard of review that a federal habeas court must apply under § 2254(d). *Harris*, 212 F.3d at 942. The Supreme Court held that:

> A decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[ ]
>
> A state court's adjudication only results in an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Otte v. Houk*, 654 F.3d 594, 599-600 (6th Cir. 2011) (quoting *Williams*, 529 U.S. at 412-13) (internal citations omitted).

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflicts with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). The AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, the Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see generally* Baldwin v. Reese, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, federal courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). For the

claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the Petitioner must recite "chapter and verse" of constitutional law, but the Petitioner is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because a Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

To determine if a claim is procedurally defaulted, the Court must determine: (1) whether there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See*

(1:17CV0012)

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If the Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See generally Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

### IV. Analysis

Petitioner's first ground for relief is unexhausted and procedurally defaulted. In this Petition, he asserts that he was denied due process and equal protection of the law under the Sixth and Fourteenth Amendments to the United States Constitution when he was informed he would serve no more than fifteen years if he pled guilty. This is the first time he asserted this claim as a violation of the United States Constitution. He filed a Motion to Withdraw Guilty Plea in the trial court and that Motion was summarily denied, without a hearing. He appealed

(1:17CV0012)

that decision to the Ohio Eighth District Court of Appeals asserting that the trial court erred by failing to address the arguments in his Motion and by failing to give him a hearing. The Ohio appellate court found nothing in the transcript indicating that Petitioner had been told he would only serve fifteen years. *State v. Trem*, 2014 WL 5762924, at \*1-\*2, ¶¶ 7-11. The appellate court stated that, based on this fact and the long delay between his sentencing and the filing of his Motion to Withdraw Guilty Plea, the trial court did not err in failing to hold a hearing. *Id.* at ¶ 12.

To exhaust his claim, Petitioner must present it to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz*, 731 F.2d at 369. Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong*, 142 F.3d at 322. Petitioner's first claim was not presented to the state courts as a violation of the United States Constitution. Therefore, Petitioner's first claim is not exhausted.

As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a Petitioner's claim," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (citations omitted). Accordingly, where a Habeas

11

(1:17CV0012)

Petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a Petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

Nevertheless, a habeas court need not wait for a Petitioner's claims to be exhausted if it determines that a return to state court would be futile. If a Petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, and no avenue of relief remains open, or if it would otherwise be futile for Petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as procedurally defaulted. *See O'Sullivan*, 526 U.S. at 847-48; *Harris v. Reed*, 489 U.S. 255, 260-62 (1989); *McBee v. Grant*, 763 F.2d 811, 813 (6th Cir. 1985). *See also Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989).

With respect to Petitioner's first ground for relief, return to state court would be futile. The Ohio Eighth District Court of Appeals already addressed the merits of Petitioner's underlying arguments pertaining to his maximum sentence. Specifically, the state appellate court held that "in this case, there is no indication that appellant did not have knowledge of the consequences of his plea, including the maximum sentence he could actually serve, at the time his plea was entered, and appellant has not shown a 'manifest injustice' occurred." *State v. Trem*, 2014 WL 5762924, at *2, ¶ 11. The state appellate court also addressed the fact that Petitioner waited nineteen years after sentencing to attempt to withdraw his guilty plea, stating

12

(1:17CV0012)

that while Ohio Crim. R. 32.1 did not contain a time limitation, the substantial delay in filing his Motion adversely affected its credibility. *Id.* at ¶ 12. Because the Ohio appellate court already addressed Petitioner's arguments in the context of Ohio law, it would be futile to require him to return to state court to raise the same argument under a different legal theory. Accordingly, the Court finds that Petitioner's claim is procedurally defaulted.

Petitioner's second ground for relief is also procedurally defaulted. The State, not Petitioner, appealed the determination that Petitioner is a sexually oriented offender under Megan's Law. *State v. Trem*, 58 N.E.3d at 557, ¶1. He did not file a cross appeal. Instead, Petitioner filed an Application to Reopen Appeal under Ohio App. R. 26(B) claiming ineffective assistance of appellate counsel. *State v. Trem*, 2016 WL 3763057, at *1, ¶ 1. The Ohio Court of Appeals denied the Application on two procedural grounds. First, the court determined that the Application was untimely filed. *Id.* at ¶ 4. Second, the court held that an Application to Reopen Appeal under Ohio App. R. 26(B) applied only to the direct appeal of a criminal conviction and sentence, and could not be utilized to reopen an appeal that dealt with the classification as a sexually oriented offender under the former Megan's Law. *Id.* at ¶¶ 6-7. Because Petitioner was barred on procedural grounds from raising his claim of ineffective assistance of appellate counsel in the state courts, and has no remedy available to him to raise it now, this claim is procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of

13

(1:17CV0012)

justice would result from a bar on federal habeas review. *Coleman*, 501 U.S. at 750. *See Maupin*, 785 F.2d at138; *Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

With respect to Petitioner's first ground for relief, he offers no explanation of "cause" for failing to assert the issue in state court as a violation of federal constitutional law rather than as an error of the trial court in not granting him a hearing on his Motion to Withdraw his Guilty Plea. In addition, Petitioner has not alleged facts to suggest a constitutional error worked to his actual and substantial disadvantage. As the Ohio appellate court stated, although Petitioner claimed he believed he was only required to serve fifteen years, he waited until he had served nineteen years before he complained that he was incarcerated beyond the sentence he though he received. Accordingly, the Court finds that Petitioner has not established cause and prejudice for the default.

14

(1:17CV0012)

With respect to his second ground for relief, Petitioner contends that he has "cause" for the default because he put the wrong case number on his Application to Reopen Appeal under Ohio App. R. 26(B), and the Application was then filed in the appeal of the denial of his Motion to Withdraw Guilty Plea rather than in the state's appeal of his classification as a sexually oriented offender under the former Megan's Law. By the time he realized his error and filed it with the proper case, the time period had expired. *See* ECF No. 1-1 at PageID #: 17. The state court held that clerical errors are not "good cause" for delay under Ohio App. R. 26(B). *State v. Trem*, 2016 WL 3763057, at *1, ¶ 4. This clerical error by Petitioner does not present cause for the default. *See Boyce v. Metrish*, No. 04-CV-72665-DT, 2006 WL 334240, at *5 (E.D. Mich. Feb. 13, 2006) (finding that appellate attorney's error of placing the wrong case number on his original motion for relief from judgment, which subsequently caused a delay in filing Petitioner's application in the Michigan Supreme Court, did not constitute "cause" to excuse procedural default).

Moreover, even if it did, Petitioner has not shown "prejudice" in being unable to present his claim. The Sixth Circuit Court of Appeals has held that sexual predator adjudication is a collateral consequence of the conviction but is not part of the sentence. *See Leslie v. Randle*, 296 F.3d 518, 521-23 (6th Cir. 2002) (Ohio's statutory classification, registration and notification provisions for sex offenders does not constitute "a severe and immediate restraint on his liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review."); *Goodballet v. Mack*, 266 F. Supp. 2d 702, 707-08 (N.D. Ohio 2003) (Petitioner's adjudication as a sexual predator, which was not a part of the sentence, but rather merely constituted a "collateral

15

(1:17CV0012)

consequence" of the conviction, did not qualify as a post conviction petition to toll the one-year statute of limitations governing his claims for federal habeas relief under 28 U.S.C. § 2244(d)).

Moreover, the Sixth Amendment right to counsel attaches only through the direct appeal of the conviction. *See, e.g.*, *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985). This constitutional protection does not extend beyond the first appeal as of right to subsequent state discretionary appeals or collateral review. *See Coleman*, 501 U.S. at 755-57. The state's appeal of Petitioner's sexual offender classification was a collateral proceeding, not a direct appeal. Petitioner, therefore, does not have a constitutional right to the effective assistance of appellate counsel for this appeal. Furthermore, even if he had the right to the effective assistance of appellate counsel, he was not prejudiced by his attorney's failure to assert a separation of powers claim. The Ohio courts have consistently held that the former Megan's Law did not violate the separation of powers doctrine. *See State v. Thompson*, 92 Ohio St. 3d 584, 588 (2001).

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Petitioner does not claim he is innocent of the underlying conviction. Accordingly, there is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

**V. Conclusion**

(1:17CV0012)

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

 May 31, 2017                                       */s/ Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                    United States District Judge